1   AMY W. SCHULMAN
    DLA PIPER LLP
2   1251 Avenue of the Americas
    New York, NY 10020
3   Telephone:  (212) 335-4500
    Facsimile:  (212) 335-4501
4   amy.schulman@dlapiper.com

5   STUART M. GORDON (SBN: 037477)
    GORDON & REES LLP
6   Embarcadero Center West
    275 Battery Street, Suite 2000
7   San Francisco, CA 94111
    Telephone:  (415) 986-5900
8   Facsimile:  (415) 986-8054
    sgordon@gordonrees.com
9
    MICHAEL C. ZELLERS (SBN: 146904)
10  TUCKER ELLIS & WEST LLP
    515 South Flower Street, Suite 4200
11  Los Angeles, CA 90071-2223
    Telephone:  (213) 430-3400
12  Facsimile:  (213) 430-3409
    michael.zellers@tuckerellis.com
13
14  Attorneys for Defendants
    PFIZER INC., PHARMACIA CORPORATION, AND
15  G.D. SEARLE LLC

16              UNITED STATES DISTRICT COURT

17            NORTHERN DISTRICT OF CALIFORNIA

18               SAN FRANCISCO DIVISION

19  IN RE CELEBREX AND BEXTRA          )  MDL Docket No. 1699
    MARKETING, SALES PRACTICES AND     )
20  PRODUCTS LIABILITY LITIGATION      )  CASE NO. 3:08-cv-01224-CRB
    _____)
    This document relates to           )
21                                     )  **PFIZER INC., PHARMACIA
    ROBERT E. DAVIS, RAYMOND C. FETTERS,)  **CORPORATION, AND G.D.
22  BOOKER T. FLOYD, and CARL JOHNSON, )  **SEARLE, LLC'S ANSWER TO
                                       )  **COMPLAINT
23              Plaintiffs,            )
                                       )  **JURY DEMAND ENDORSED
24       vs.                           )  **HEREIN
                                       )
25  PFIZER, INC., PHARMACIA CORPORATION,)
    MONSANTO COMPANY, and G.D. SEARLE, )
26  LLC,                               )
                                       )
27              Defendants.            )
                                       )
28  _____)

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

NOW COME Defendants Pfizer Inc. (improperly captioned in Plaintiffs' Complaint as "Pfizer, Inc.") ("Pfizer"), Pharmacia Corporation (formerly known as "Monsanto Company"[1]) ("Pharmacia"), and G.D. Searle LLC (improperly captioned in Plaintiffs' Complaint as "G.D. Searle, LLC") ("Searle") (collectively "Defendants"), and file this Answer to Plaintiffs' Complaint ("Complaint"), and would respectfully show the Court as follows:

## I.

## PRELIMINARY STATEMENT

The Complaint does not state in sufficient detail when Plaintiffs were prescribed or used Bextra® (valdecoxib) ("Bextra®"). Accordingly, this Answer can only be drafted generally. Defendants may seek leave to amend this Answer when discovery reveals the specific time periods in which Plaintiffs were prescribed and used Bextra®.

## II.

## ANSWER

## Response to Allegations Regarding Parties

1.     Defendants admit that Plaintiffs brought this civil action seeking monetary damages, but deny that Plaintiffs are entitled to any relief or damages. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Bextra® was and is safe and effective when used in accordance

---

[1] Plaintiffs' Complaint names "Monsanto Company" as a Defendant. Defendants state that in 1933, an entity known as Monsanto Company ("1933 Monsanto") was incorporated under the laws of Delaware. On March 31, 2000, 1933 Monsanto changed its name to Pharmacia Corporation. On February 9, 2000, a separate company, Monsanto Ag Company, was incorporated under the laws of Delaware. On March 31, 2000, Monsanto Ag Company changed its name to Monsanto Company ("2000 Monsanto"). The 2000 Monsanto is engaged in the agricultural business and does not and has not ever designed, produced, manufactured, sold, resold or distributed Bextra®. Given that Plaintiffs allege in their Complaint that Monsanto Company was involved in distributing Bextra®, *see* PLAINTIFFS' COMPLAINT at ¶ 8, Defendants assume Plaintiffs mean to refer to 1933 Monsanto. As a result, Pharmacia will respond to the allegations directed at Monsanto Company.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

2.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's age and citizenship, and, therefore, deny the same. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and Plaintiff's medical condition, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

3.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's age and citizenship, and, therefore, deny the same. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and Plaintiff's medical condition, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

4.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's age and citizenship, and, therefore, deny the same. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and Plaintiff's medical condition, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

5.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's age and citizenship, and, therefore, deny the same. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and Plaintiff's medical condition, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Complaint.

6.    Defendants admit that Pfizer is a Delaware corporation with its principal place of business in New York.  Defendants admit that Pharmacia acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer. Defendants admit that, during certain periods of time, Pfizer marketed and co-promoted Bextra® in the United States, including California, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

7.    Defendants admit that Searle is a Delaware limited liability company with its principal place of business in Illinois.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

8.    Defendants admit that in 1933 an entity known as Monsanto Company ("1933 Monsanto") was incorporated under the laws of Delaware.  On March 31, 2000, a subsidiary of 1933 Monsanto merged with Pharmacia & Upjohn, Inc, and 1933 Monsanto changed its name to Pharmacia Corporation.  On February 9, 2000, a separate company, Monsanto Ag Company, was incorporated under the laws of Delaware.  On March 31, 2000, Monsanto Ag Company changed its name to Monsanto Company ("2000 Monsanto").  The 2000 Monsanto is engaged in the agricultural business and does not and has not ever manufactured, marketed, sold, or distributed Bextra®.  The 2000 Monsanto is not and has never been the parent of either Searle or Pharmacia.  As the 2000 Monsanto does not and has not ever manufactured, marketed, sold, or distributed Bextra®, Defendants therefore state that the 2000 Monsanto is not a proper party in this matter.  Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  Defendants state that the response to this paragraph of the Complaint regarding Monsanto is

2  incorporated by reference into Defendants' responses to each and every paragraph of the

3  Complaint referring to Monsanto and/or Defendants.

4  9.    Defendants admit that Pharmacia is a Delaware corporation with its principal place of

5  business in New Jersey.  Defendants admit that, during certain periods of time, Pharmacia

6  marketed and co-promoted Bextra® in the United States, including California, to be prescribed

7  by healthcare providers who are by law authorized to prescribe drugs in accordance with their

8  approval by the FDA.  Defendants state that Plaintiffs' allegations regarding "predecessors in

9  interest" are vague and ambiguous.  Defendants are without knowledge or information to form

10  a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants deny the

11  remaining allegations in this Paragraph of the Complaint.

**Response to Allegations Regarding Jurisdiction and Venue**

12

13  10.    Defendants are without knowledge or information to form a belief as to the truth of the

14  allegations in this paragraph of the Complaint regarding the amount in controversy, and,

15  therefore, deny that the same.  However, Defendants admit that Plaintiffs claim that the amount

16  in controversy exceeds $75,000, exclusive of interests and costs.

17  11.    Defendants are without knowledge or information sufficient to form a belief as to the

18  truth of the allegations in this paragraph of the Complaint regarding Plaintiffs' citizenship and

19  the amount in controversy, and, therefore, deny the same.  However, Defendants admit that

20  Plaintiffs claim that the parties are diverse and that the amount in controversy exceeds $75,000,

21  exclusive of interests and costs.

22  12.    Defendants are without knowledge or information sufficient to form a belief as to the

23  truth of the allegations in this paragraph of the Complaint regarding the judicial district in

24  which the asserted claims allegedly arose, and, therefore, deny the same.  Defendants deny

25  committing a tort in the States of New Mexico, Arkansas, South Carolina, Louisiana, and

26  California, and deny the remaining allegations in this paragraph of the Complaint.

27  13.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

28  and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that they provided FDA-approved prescribing information regarding Bextra®. Defendants admit that they do business in the State of California. Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

### Response to Allegations Regarding Interdistrict Assignment

14.     Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required. To the extent that a response is deemed required, Defendants admit that this case should be transferred to In re: Bextra and Celebrex Marketing, Sales Prac. And Prods. Liab. Litig., MDL-1699, assigned to the Honorable Charles R. Breyer by the Judicial Panel on Multidistrict Litigation on September 6, 2005.

### Response to Factual Allegations

15.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' medical condition and whether Plaintiffs used Bextra® and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

16.     Defendants admit that Bextra® was expected to reach consumers without substantial change from the time of sale. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same. Defendants deny the remaining allegations this paragraph of the Complaint.

17.     Defendants state that Bextra® was and is safe and effective when used in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same. Defendants deny remaining the allegations in this paragraph of the Complaint.

18.     Defendants admit that Bextra® is in a class of drugs that is, at times, referred to as non-steroidal anti-inflammatory drugs ("NSAIDS").  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny the remaining allegations in this paragraph of the Complaint.

19.     The allegations in this paragraph of the Complaint are not directed toward Defendants and, therefore, no response is required.  To the extent a response is deemed required, Defendants state that Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

20.     The allegations in this paragraph of the Complaint are not directed toward Defendants and, therefore, no response is required.  To the extent a response is deemed required, Defendants state that Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

21.     The allegations in this paragraph of the Complaint are not directed toward Defendants and, therefore, no response is required.  To the extent a response is deemed required, Defendants state that Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

22.    The allegations in this paragraph of the Complaint are not directed toward Defendants and, therefore, no response is required.    To the extent a response is deemed required, Defendants state that Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint.    Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

23.    Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint.    Defendants lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

24.    Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are vague and ambiguous.    Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same.    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

25.    Plaintiffs do not allege having used Celebrex® in this Complaint.    Nevertheless, Defendants admit that Celebrex® was launched in the United States in February 1999. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.    Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.    The allegations in this paragraph of the Complaint regarding Merck and Vioxx® are not directed toward Defendants and, therefore, no response is required.    To the extent a response is deemed required, Defendants state that Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint regarding Merck and Vioxx®.    Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.    Defendants deny the remaining allegations in this

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  paragraph of the Complaint.

2  26.     Defendants admit that the New Drug Application for Bextra® was filed with the FDA

3  on January 15, 2001.  Defendants admit, as indicated in the package insert approved by the

4  FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis

5  and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.

6  Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are vague and

7  ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of

8  such allegations, and, therefore, deny the same.  Defendants deny the remaining allegations in

9  this paragraph of the Complaint.

10  27.     Defendants admit that Bextra® was approved by the FDA on November 16, 2001.

11  Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is

12  indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid

13  arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants deny the remaining

14  allegations in this paragraph of the Complaint.

15  28.     Defendants admit, as indicated in the package insert approved by the FDA, that Bextra®

16  is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult

17  rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants deny

18  the remaining allegations in this paragraph of the Complaint.

19  29.     Defendants admit, as indicated in the package insert approved by the FDA, that Bextra®

20  is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult

21  rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants state

22  that Bextra® was and is safe and effective when used in accordance with its FDA-approved

23  prescribing information.  Defendants state that the potential effects of Bextra® were and are

24  adequately described in its FDA-approved prescribing information, which at all times was

25  adequate and comported with applicable standards of care and law.  Defendants deny the

26  remaining allegations in this paragraph of the Complaint.

27  30.     Defendants state that Bextra® was and is safe and effective when used in accordance

28  with its FDA-approved prescribing information.  Defendants state that the potential effects of

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1    Bextra® were and are adequately described in its FDA-approved prescribing information,

2    which at all times was adequate and comported with applicable standards of care and law.

3    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

4    promoted Bextra® in the United States to be prescribed by healthcare providers who are by law

5    authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit

6    that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which

7    developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be

8    prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

9    with their approval by the FDA.  Defendants state that Plaintiffs' allegations regarding

10    "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or

11    information to form a belief as to the truth of such allegations, and, therefore, deny the same.

12    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

13    the Complaint.

14    31.    Defendants state that the referenced article speaks for itself and respectfully refer the

15    Court to the article for its actual language and text.  Any attempt to characterize the article is

16    denied.  Defendants state that Bextra® was and is safe and effective when used in accordance

17    with its FDA-approved prescribing information.  Defendants deny the remaining allegations in

18    this paragraph of the Complaint.

19    32.    The allegations in this paragraph of the Complaint are not directed towards Defendants

20    and, therefore, no response is necessary.  Should a response be deemed necessary, Defendants

21    state that the referenced article speaks for itself and respectfully refer the Court to the article for

22    its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny

23    the remaining allegations in this paragraph of the Complaint.

24    33.    Defendants admit that the New Drug Application for Bextra® was filed with the FDA

25    on January 15, 2001.  Defendants admit that Bextra® was approved by the FDA, on November

26    16, 2001.  Defendants deny any wrongful conduct and the remaining allegations in this

27    paragraph of the Complaint.

28    34.    Defendants state that Bextra® was and is safe and effective when used in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   with its FDA-approved prescribing information.  Defendants state that the potential effects of

2   Bextra® were and are adequately described in its FDA-approved prescribing information,

3   which at all times was adequate and comported with applicable standards of care and law.

4   Defendants deny the allegations in this paragraph of the Complaint.

5   35.    Defendants state that the referenced FDA Talk Paper for Bextra® speaks for itself and

6   respectfully refer the Court to the Talk Paper for its actual language and text.  Any attempt to

7   characterize the Talk Paper is denied.  Defendants deny the remaining allegations in this

8   paragraph of the Complaint.

9   36.    Defendants state that the referenced article speaks for itself and respectfully refer the

10  Court to the article for its actual language and text.  Any attempt to characterize the article is

11  denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

12  37.    Plaintiffs fail to provide the proper context for the allegations concerning the "post-drug

13  approval meta-analysis study" in this paragraph of the Complaint.  Defendants are without

14  sufficient information to confirm or deny such allegations and, therefore, deny the same.

15  Defendants state that the referenced study speaks for itself and respectfully refer the Court to

16  the study for its actual language and text.  Any attempt to characterize the study is denied.

17  Defendants deny the remaining allegations in this paragraph of the Complaint.

18  38.    The allegations in this paragraph of the Complaint are not directed towards Defendants

19  and, therefore, no response is necessary.  Should a response be deemed necessary, Defendants

20  state that the referenced article speaks for itself and respectfully refer the Court to the article for

21  its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny

22  the remaining allegations in this paragraph of the Complaint.

23  39.    The allegations in this paragraph of the Complaint are not directed towards Defendants

24  and, therefore, no response is necessary.  Should a response be deemed necessary, Defendants

25  admit that a Joint Meeting of the Arthritis Advisory Committee and the Drug Safety and Risk

26  Management Advisory Committee was held on February 16-18, 2005.  Defendants state that the

27  referenced testimony speaks for itself and respectfully refer the Court to the testimony for its

28  actual language and text.  Any attempt to characterize the testimony is denied.  Defendants

1    deny the remaining allegations in this paragraph of the Complaint.

2    40.    Defendants state that Bextra® was and is safe and effective when used in accordance

3    with its FDA-approved prescribing information.  Defendants deny any wrongful conduct and

4    deny the remaining allegations in this paragraph of the Complaint.

5    41.    Defendants state that the referenced Alert for Healthcare Professionals speaks for itself

6    and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language

7    and text.    Any attempt to characterize the Alert for Healthcare Professionals is denied.

8    Defendants deny the remaining allegations in this paragraph of the Complaint.

9    42.    Defendants state that Plaintiffs fail to provide the proper context for the allegations in

10   this  paragraph  of  the  Complaint.    Defendants  therefore  lack  sufficient  information  or

11   knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

12   43.    Defendants state that the referenced Alert for Healthcare Professionals speaks for itself

13   and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language

14   and text.    Any attempt to characterize the Alert for Healthcare Professionals is denied.

15   Defendants deny the remaining allegations in this paragraph of the Complaint.

16   44.    Defendants state that Bextra® was and is safe and effective when used in accordance

17   with  its  FDA-approved  prescribing  information.    Defendants  deny  the  allegations  in  this

18   paragraph of the Complaint.

19   45.    Defendants state that the referenced article speaks for itself and respectfully refer the

20   Court to the article for its actual language and text.  Any attempt to characterize the article is

21   denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this

22   paragraph of the Complaint.

23   46.    The allegations in this paragraph of the Complaint are not directed towards Defendants

24   and, therefore, no response is necessary.  Should a response be deemed necessary, Defendants

25   state that the referenced article speaks for itself and respectfully refer the Court to the article for

26   its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny

27   the remaining allegations in this paragraph of the Complaint.

28   47.    Defendants state that Bextra® was and is safe and effective when used in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    with its FDA-approved prescribing information.  Defendants state that the potential effects of

2    Bextra® were and are adequately described in its FDA-approved prescribing information,

3    which was at all times adequate and comported with applicable standards of care and law.

4    Defendants deny the allegations in this paragraph of the Complaint.

5    48.    Defendants state that Bextra® was and is safe and effective when used in accordance

6    with its FDA-approved prescribing information.  Defendants state that the potential effects of

7    Bextra® were and are adequately described in its FDA-approved prescribing information,

8    which was at all times adequate and comported with applicable standards of care and law.

9    Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining

10   allegations in this paragraph of the Complaint.

11   49.    Defendants state that Bextra® was and is safe and effective when used in accordance

12   with its FDA-approved prescribing information.  Defendants state that the potential effects of

13   Bextra® were and are adequately described in its FDA-approved prescribing information,

14   which was at all times adequate and comported with applicable standards of care and law.

15   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

16   the Complaint.

17   50.    Defendants deny the allegations in this paragraph of the Complaint.

18   51.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

19   and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

20   by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

21   admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

22   which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

23   be prescribed by healthcare providers who are by law authorized to prescribe drugs in

24   accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and

25   effective when used in accordance with its FDA-approved prescribing information.  Defendants

26   state that the potential effects of Bextra® were and are adequately described in its FDA-

27   approved prescribing information, which was at all times adequate and comported with

28   applicable standards of care and law.   Defendants are without knowledge or information

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used

2   Bextra® and, therefore, deny the same. Defendants deny any wrongful conduct and deny the

3   allegations in this paragraph of the Complaint.

4   52.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

5   and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

6   by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants

7   admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

8   which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

9   be prescribed by healthcare providers who are by law authorized to prescribe drugs in

10  accordance with their approval by the FDA. Defendants state that Bextra® was and is safe and

11  effective when used in accordance with its FDA-approved prescribing information. Defendants

12  state that the potential effects of Bextra® were and are adequately described in its FDA-

13  approved prescribing information, which was at all times adequate and comported with

14  applicable standards of care and law. Defendants deny the remaining allegations in this

15  paragraph of the Complaint.

16  53.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

17  and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

18  by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants

19  admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

20  which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

21  be prescribed by healthcare providers who are by law authorized to prescribe drugs in

22  accordance with their approval by the FDA. Defendants state that Bextra® was and is safe and

23  effective when used in accordance with its FDA-approved prescribing information. Defendants

24  state that the potential effects of Bextra® were and are adequately described in its FDA-

25  approved prescribing information, which was at all times adequate and comported with

26  applicable standards of care and law. Defendants admit, as indicated in the package insert

27  approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms

28  of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   dysmenorrhea.  Defendants deny the remaining allegations in this paragraph of the Complaint.

2   54.    Defendants state that Bextra® was and is safe and effective when used in accordance

3   with its FDA-approved prescribing information.  Defendants state that the potential effects of

4   Bextra® were and are adequately described in its FDA-approved prescribing information,

5   which at all times was adequate and comported with applicable standards of care and law.

6   Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are vague and

7   ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of

8   such allegations, and, therefore, deny the same.  Defendants deny any wrongful conduct, deny

9   that Bextra® is defective, and deny the allegations in this paragraph of the Complaint.

10  55.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

11  and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

12  by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

13  admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

14  which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

15  be prescribed by healthcare providers who are by law authorized to prescribe drugs in

16  accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and

17  effective when used in accordance with its FDA-approved prescribing information.  Defendants

18  state that the potential effects of Bextra® were and are adequately described in its FDA-

19  approved prescribing information, which was at all times adequate and comported with

20  applicable standards of care and law.  Defendants deny the remaining allegations in this

21  paragraph of the Complaint.

22  56.    Defendants state that Bextra® was and is safe and effective when used in accordance

23  with its FDA-approved prescribing information.  Defendants state that the potential effects of

24  Bextra® were and are adequately described in its FDA-approved prescribing information,

25  which at all times was adequate and comported with applicable standards of care and law.

26  Defendants deny the remaining allegations in this paragraph of the Complaint.

27  57.    Defendants state that Bextra® was and is safe and effective when used in accordance

28  with its FDA-approved prescribing information.  Defendants state that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

58.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

59.    Defendants deny the allegations in this paragraph of the Complaint.

60.    Defendants admit that the sale of Bextra® was voluntarily suspended in the U.S. market as of April 7, 2005.  Defendants deny any wrongful conduct and deny the remaining allegations contained in this paragraph of the Complaint.

61.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining allegations in this paragraph of the Complaint.

62.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

63.    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

64.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

65.     Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

66.     Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

67.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding and whether Plaintiffs used Bextra® and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Bextra® is defective, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

68.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding and whether Plaintiffs used Bextra® and, therefore, deny the same. Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Bextra® is defective, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**<u>Response to First Cause of Action: Negligence</u>**

69.     Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

70.     Defendants state that this paragraph of the Complaint contains legal contentions to which no response is deemed required. To the extent a response is deemed required,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   Defendants admit that they had duties as are imposed by law but deny having breached such

2   duties.  Defendants state that the potential effects of Bextra® were and are adequately described

3   in its FDA-approved prescribing information, which was at all times adequate and comported

4   with applicable standards of care and law.  Defendants state that Bextra® was and is safe and

5   effective when used in accordance with its FDA-approved prescribing information.  Defendants

6   deny the remaining allegations in this paragraph of the Complaint.

7   71.    Defendants state that this paragraph of the Complaint contains legal contentions to

8   which no response is deemed required.   To the extent a response is deemed required,

9   Defendants admit that they had duties as are imposed by law but deny having breached such

10  duties.  Defendants state that Bextra® was and is safe and effective when used in accordance

11  with its FDA-approved prescribing information.  Defendants deny the remaining allegations in

12  this paragraph of the Complaint.

13  72.    Defendants state that this paragraph of the Complaint contains legal contentions to

14  which no response is required.  To the extent that a response is deemed required, Defendants

15  admit that they had duties as are imposed by law but deny having breached such duties.

16  Defendants state that Bextra® was and is safe and effective when used in accordance with its

17  FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

18  were and are adequately described in its FDA-approved prescribing information, which was at

19  all times adequate and comported with applicable standards of care and law.  Defendants deny

20  any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint,

21  including all subparts.

22  73.    Defendants state that Bextra® was and is safe and effective when used in accordance

23  with its FDA-approved prescribing information.  Defendants state that the potential effects of

24  Bextra® were and are adequately described in its FDA-approved prescribing information,

25  which was at all times adequate and comported with applicable standards of care and law.

26  Defendants are without knowledge or information sufficient to form a belief as to the truth of

27  the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same.

28  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   the Complaint.

2   74.    Defendants state that Bextra® was and is safe and effective when used in accordance

3   with its FDA-approved prescribing information.  Defendants state that the potential effects of

4   Bextra® were and are adequately described in its FDA-approved prescribing information,

5   which was at all times adequate and comported with applicable standards of care and law.

6   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

7   the Complaint.

8   75.    Defendants state that Bextra® was and is safe and effective when used in accordance

9   with its FDA-approved prescribing information.  Defendants deny any wrongful conduct, deny

10  that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this

11  paragraph of the Complaint.

12  76.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

13  damage, and deny the remaining allegations in this paragraph of the Complaint.

14  77.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

15  damage and deny the remaining allegations in this paragraph of the Complaint.

16  78.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

17  damage, and deny the remaining allegations in this paragraph of the Complaint.

18  **<u>Response to Second Cause of Action: Strict Liability</u>**

19  79.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

20  Complaint as if fully set forth herein.

21  80.    Defendants are without knowledge or information sufficient to form a belief as to the

22  truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

23  same.  Defendants admit that Bextra® was expected to reach consumers without substantial

24  change in the condition from the time of sale.  Defendants state that Bextra® was and is safe

25  and effective when used in accordance with its FDA-approved prescribing information.

26  Defendants state that the potential effects of Bextra® were and are adequately described in its

27  FDA-approved prescribing information, which was at all times adequate and comported with

28  applicable standards of care and law.  Defendants admit that, during certain periods of time,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed

2    by healthcare providers who are by law authorized to prescribe drugs in accordance with their

3    approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was

4    manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and

5    distributed Bextra® in the United States to be prescribed by healthcare providers who are by

6    law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

7    deny the remaining allegations in this paragraph of the Complaint.

8    81.    Defendants state that Bextra® was and is safe and effective when used in accordance

9    with its FDA-approved prescribing information.  Defendants state that the potential effects of

10   Bextra® were and are adequately described in its FDA-approved prescribing information,

11   which was at all times adequate and comported with applicable standards of care and law.

12   Defendants deny the allegations in this paragraph of the Complaint.

13   82.    Defendants state that Bextra® was and is safe and effective when used in accordance

14   with its FDA-approved prescribing information.  Defendants state that the potential effects of

15   Bextra® were and are adequately described in its FDA-approved prescribing information,

16   which was at all times adequate and comported with applicable standards of care and law.

17   Defendants deny that Bextra® is defective or unreasonably dangerous, and deny the remaining

18   allegations in this paragraph of the Complaint.

19   83.    Defendants state that this paragraph of the Complaint contains legal contentions to

20   which no response is deemed required.   To the extent a response is deemed required,

21   Defendants state that Bextra® was and is safe and effective when used in accordance with its

22   FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

23   were and are adequately described in its FDA-approved prescribing information, which was at

24   all times adequate and comported with applicable standards of care and law.  Defendants deny

25   that Bextra® is unreasonably dangerous, and deny the remaining allegations in this paragraph

26   of the Complaint, including all subparts.

27   84.    Defendants state that this paragraph of the Complaint contains legal contentions to

28   which no response is deemed required.   To the extent a response is deemed required,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    Defendants state that Bextra® was and is safe and effective when used in accordance with its

2    FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

3    were and are adequately described in its FDA-approved prescribing information, which was at

4    all times adequate and comported with applicable standards of care and law.  Defendants deny

5    any wrongful conduct, deny that Bextra® is unreasonably dangerous, and deny the remaining

6    allegations in this paragraph of the Complaint.

7    85.     Defendants state that Bextra® was and is safe and effective when used in accordance

8    with its FDA-approved prescribing information.  Defendants state that the potential effects of

9    Bextra® were and are adequately described in its FDA-approved prescribing information,

10   which was at all times adequate and comported with applicable standards of care and law.

11   Defendants deny any wrongful conduct, deny that Bextra® is defective, deny that Bextra®

12   caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the

13   Complaint.

14   86.     Defendants state that Bextra® was and is safe and effective when used in accordance

15   with its FDA-approved prescribing information.  Defendants state that the potential effects of

16   Bextra® were and are adequately described in its FDA-approved prescribing information,

17   which was at all times adequate and comported with applicable standards of care and law.

18   Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining

19   allegations in this paragraph of the Complaint.

20   87.     Defendants are without knowledge or information sufficient to form a belief as to the

21   truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

22   same.  Defendants state that Bextra® was and is safe and effective when used in accordance

23   with its FDA-approved prescribing information.  Defendants state that the potential effects of

24   Bextra® were and are adequately described in its FDA-approved prescribing information,

25   which was at all times adequate and comported with applicable standards of care and law.

26   Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

27   promoted Bextra® in the United States to be prescribed by healthcare providers who are by law

28   authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which

2    developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be

3    prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

4    with their approval by the FDA.  Defendants deny any wrongful conduct, deny that Bextra® is

5    defective, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining

6    allegations in this paragraph of the Complaint.

7    88.    Defendants state that Bextra® was and is safe and effective when used in accordance

8    with its FDA-approved prescribing information.  Defendants state that the potential effects of

9    Bextra® were and are adequately described in its FDA-approved prescribing information,

10    which was at all times adequate and comported with applicable standards of care and law.

11    Defendants deny the remaining allegations in this paragraph of the Complaint.

12    89.    Defendants are without knowledge or information sufficient to form a belief as to the

13    truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

14    same.  Defendants state that Bextra® was and is safe and effective when used in accordance

15    with its FDA-approved prescribing information.  Defendants state that the potential effects of

16    Bextra® were and are adequately described in its FDA-approved prescribing information,

17    which was at all times adequate and comported with applicable standards of care and law.

18    Defendants deny the remaining allegations in this paragraph of the Complaint.

19    90.    Defendants state that Bextra® was and is safe and effective when used in accordance

20    with its FDA-approved prescribing information.  Defendants deny any wrongful conduct and

21    deny the remaining allegations in this paragraph of the Complaint.

22    91.    Defendants are without knowledge or information sufficient to form a belief as to the

23    truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

24    same.  Defendants state that Bextra® was and is safe and effective when used in accordance

25    with its FDA-approved prescribing information.  Defendants state that the potential effects of

26    Bextra® were and are adequately described in its FDA-approved prescribing information,

27    which was at all times adequate and comported with applicable standards of care and law.

28    Defendants deny that Bextra® is defective and deny the remaining allegations in this paragraph

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

of the Complaint.

92.     Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

93.     Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

94.     Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Third Cause of Action: Breach of Express Warranty**

95.     Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

96.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Bextra®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

97.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Bextra®.  Defendants deny the remaining allegations in this paragraph of the Complaint, including all subparts.

98.     Defendants deny the allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

99.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Bextra®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

100.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Bextra®.  Defendants deny any wrongful conduct the remaining allegations in this paragraph of the Complaint.

101.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same.  Defendants admit that they provided FDA-approved prescribing information regarding Bextra®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

102.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

103.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

104.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Fourth Cause of Action: Breach of Implied Warranty**

105.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

106.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

107.     Defendants admit that they provided FDA-approved prescribing information regarding Bextra®. Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny the remaining allegations in this paragraph of the Complaint.

108.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same. Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea. Defendants deny the remaining allegations in this paragraph of the Complaint.

109.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny the remaining allegations in this paragraph of the Complaint.

110.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same. Defendants state that Bextra® was expected to reach consumers without substantial change in the condition from the time of sale. Defendants deny the remaining allegations in

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    this paragraph of the Complaint.

2    111.    Defendants are without knowledge or information sufficient to form a belief as to the

3    truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

4    same. Defendants state that Bextra® was and is safe and effective when used in accordance

5    with its FDA-approved prescribing information. Defendants deny any wrongful conduct and

6    deny the remaining allegations in this paragraph of the Complaint.

7    112.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

8    damage, and deny the remaining allegations in this paragraph of the Complaint.

9    113.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

10   damage, and deny the remaining allegations in this paragraph of the Complaint.

11   114.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

12   damage, and deny the remaining allegations in this paragraph of the Complaint.

13   **Response to Fifth Cause of Action: Fraudulent Misrepresentation & Concealment**

14   115.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

15   Complaint as if fully set forth herein.

16   116.    Defendants state that this paragraph of the Complaint contains legal contentions to

17   which no response is deemed required.    To the extent a response is deemed required,

18   Defendants admit that they had duties as are imposed by law but deny having breached such

19   duties. Defendants state that Bextra® was and is safe and effective when used in accordance

20   with its FDA-approved prescribing information. Defendants state that the potential effects of

21   Bextra® were and are adequately described in its FDA-approved prescribing information,

22   which was at all times adequate and comported with applicable standards of care and law.

23   Defendants deny the remaining allegations in this paragraph of the Complaint.

24   117.    Defendants state that Bextra® was and is safe and effective when used in accordance

25   with its FDA-approved prescribing information. Defendants state that the potential effects of

26   Bextra® were and are adequately described in its FDA-approved prescribing information,

27   which was at all times adequate and comported with applicable standards of care and law.

28   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

1    the Complaint, including all subparts.

2    118.    Defendants state that Bextra® was and is safe and effective when used in accordance

3    with its FDA-approved prescribing information.  Defendants state that the potential effects of

4    Bextra® were and are adequately described in its FDA-approved prescribing information,

5    which was at all times adequate and comported with applicable standards of care and law.

6    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

7    the Complaint.

8    119.    Defendants state that Bextra® was and is safe and effective when used in accordance

9    with its FDA-approved prescribing information.  Defendants state that the potential effects of

10   Bextra® were and are adequately described in its FDA-approved prescribing information,

11   which was at all times adequate and comported with applicable standards of care and law.

12   Defendants deny any wrongful conduct, deny that Bextra® is defective or unreasonably

13   dangerous, and deny the remaining allegations in this paragraph of the Complaint.

14   120.    Defendants state that Bextra® was and is safe and effective when used in accordance

15   with its FDA-approved prescribing information.  Defendants state that the potential effects of

16   Bextra® were and are adequately described in its FDA-approved prescribing information,

17   which was at all times adequate and comported with applicable standards of care and law.

18   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

19   the Complaint.

20   121.    Defendants deny any wrongful conduct and deny the remaining allegations in this

21   paragraph of the Complaint.

22   122.    Defendants are without knowledge or information sufficient to form a belief as to the

23   truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

24   same.  Defendants deny any wrongful conduct and deny the remaining allegations in this

25   paragraph of the Complaint.

26   123.    Defendants are without knowledge or information sufficient to form a belief as to the

27   truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

28   same.  Defendants deny any wrongful conduct and deny the remaining allegations in this

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1    paragraph of the Complaint.

2    124.    Defendants are without knowledge or information sufficient to form a belief as to the

3    truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

4    same.   Defendants deny any wrongful conduct and deny the remaining allegations in this

5    paragraph of the Complaint.

6    125.    Defendants deny any wrongful conduct and deny the remaining allegations in this

7    paragraph of the Complaint.

8    126.    Defendants are without knowledge or information sufficient to form a belief as to the

9    truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

10   same.  Defendants state that Bextra® was and is safe and effective when used in accordance

11   with its FDA-approved prescribing information.  Defendants state that the potential effects of

12   Bextra® were and are adequately described in its FDA-approved prescribing information,

13   which was at all times adequate and comported with applicable standards of care and law.

14   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

15   the Complaint.

16   127.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

17   damage, and deny the remaining allegations in this paragraph of the Complaint.

18   128.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

19   damage, and deny the remaining allegations in this paragraph of the Complaint.

20   129.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

21   damage, and deny the remaining allegations in this paragraph of the Complaint.

22                     **Response to Sixth Cause of Action: Unjust Enrichment**

23   130.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

24   Complaint as if fully set forth herein.

25   131.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

26   and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

27   by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

28   admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

2   be prescribed by healthcare providers who are by law authorized to prescribe drugs in

3   accordance with their approval by the FDA.  Defendants deny the remaining allegations in this

4   paragraph of the Complaint.

5   132.    Defendants are without knowledge or information sufficient to form a belief as to the

6   truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

7   same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

8   133.    Defendants are without knowledge or information sufficient to form a belief as to the

9   truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

10  same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

11  134.    Defendants are without knowledge or information sufficient to form a belief as to the

12  truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

13  same.  Defendants state that Bextra® was and is safe and effective when used in accordance

14  with its FDA-approved prescribing information.  Defendants deny the remaining allegations in

15  this paragraph of the Complaint.

16  135.    Defendants are without knowledge or information sufficient to form a belief as to the

17  truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

18  same.  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

19  damage, and deny the remaining allegations in this paragraph of the Complaint.

20  136.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

21  damage, and deny the remaining allegations in this paragraph of the Complaint.

22  **Response to Prayer for Relief**

23      Answering the unnumbered paragraph of the Complaint headed "Prayer for Relief,"

24  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage,

25  and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

26  **III.**

27  **GENERAL DENIAL**

28      Defendants deny all allegations and/or legal conclusions set forth in Plaintiffs'

Complaint that have not been previously admitted, denied, or explained.

### IV.

### AFFIRMATIVE DEFENSES

Defendants reserve the right to rely upon any of the following or additional defenses to claims asserted by Plaintiffs to the extent that such defenses are supported by information developed through discovery or evidence at trial.  Defendants affirmatively show that:

### First Defense

1.      The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

2.      Bextra® is a prescription medical product.  The federal government has preempted the field of law applicable to the labeling and warning of prescription medical products. Defendants' labeling and warning of Bextra® was at all times in compliance with applicable federal law.  Plaintiffs' causes of action against Defendants, therefore, fail to state a claim upon which relief can be granted; such claims, if allowed, would conflict with applicable federal law and violate the Supremacy Clause of the United States Constitution.

### Third Defense

3.      At all relevant times, Defendants provided proper warnings, information and instructions for the drug in accordance with generally recognized and prevailing standards in existence at the time.

### Fourth Defense

4.      At all relevant times, Defendants' warnings and instructions with respect to the use of Bextra® conformed to the generally recognized, reasonably available, and reliable state of knowledge at the time the drug was manufactured, marketed and distributed.

### Fifth Defense

5.      Plaintiffs' action is time-barred as it is filed outside of the time permitted by the applicable Statute of Limitations, and same is pled in full bar of any liability as to Defendants.

### Sixth Defense

6.      Plaintiffs' action is barred by the statute of repose.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

**Seventh Defense**

7.     If Plaintiffs sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same were caused by the negligence or fault of the Plaintiffs and Plaintiffs' damages, if any, are barred or reduced by the doctrines of comparative fault and contributory negligence and by the failure to mitigate damages.

**Eighth Defense**

8.     The proximate cause of the loss complained of by Plaintiffs is not due to any acts or omissions on the part of Defendants.  Rather, said loss is due to the acts or omissions on the part of third parties unrelated to Defendants and for whose acts or omissions Defendants are not liable in any way.

**Ninth Defense**

9.     The acts and/or omissions of unrelated third parties as alleged constituted independent, intervening causes for which Defendants cannot be liable.

**Tenth Defense**

10.     Any injuries or expenses incurred by Plaintiffs were not caused by Bextra®, but were proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act of God.

**Eleventh Defense**

11.     Defendants affirmatively deny that they violated any duty owed to Plaintiffs.

**Twelfth Defense**

12.     A manufacturer has no duty to warn patients or the general public of any risk, contraindication, or adverse effect associated with the use of a prescription medical product. Rather, the law requires that all such warnings and appropriate information be given to the prescribing physician and the medical profession, which act as a "learned intermediary" in determining the use of the product.  Bextra® is a prescription medical product, available only on the order of a licensed physician.  Bextra® provided an adequate warning to Plaintiffs' treating and prescribing physicians.

**Thirteenth Defense**

13.    The product at issue was not in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller.

**Fourteenth Defense**

14.    Bextra® was at all times material to the Complaint reasonably safe and reasonably fit for its intended use and the warnings and instructions accompanying Bextra® at the time of the occurrence of the injuries alleged by Plaintiffs were legally adequate for its approved usages.

**Fifteenth Defense**

15.    Plaintiffs' causes of action are barred in whole or in part by the lack of a defect as the Bextra® allegedly ingested by Plaintiffs was prepared in accordance with the applicable standard of care.

**Sixteenth Defense**

16.    If Plaintiffs sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same were caused by the unforeseeable alteration, change, improper handling, abnormal use, or other unforeseeable misuse of Bextra® by persons other than Defendants or persons acting on its behalf after the product left the control of Defendants.

**Seventeenth Defense**

17.    Plaintiffs' alleged damages were not caused by any failure to warn on the part of Defendants.

**Eighteenth Defense**

18.    Plaintiffs' alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Bextra®.

**Nineteenth Defense**

19.    Plaintiffs knew or should have known of any risk associated with Bextra®; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

**Twentieth Defense**

20.    Plaintiffs are barred from recovering against Defendants because Plaintiffs' claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by

**Gordon & Rees, LLP**
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

2  ### Twenty-first Defense

3  21.    Plaintiffs' claims are barred in whole or in part under the applicable state law because

4  the subject pharmaceutical product at issue was subject to and received pre-market approval by

5  the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

6  ### Twenty-second Defense

7  22.    The manufacture, distribution and sale of the pharmaceutical product referred to in

8  Plaintiffs' Complaint were at all times in compliance with all federal regulations and statutes,

9  and Plaintiffs' causes of action are preempted.

10  ### Twenty-third Defense

11  23.    Plaintiffs' claims are barred in whole or in part by the deference given to the primary

12  jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at

13  issue under applicable federal laws, regulations, and rules.

14  ### Twenty-fourth Defense

15  24.    Plaintiffs' claims are barred in whole or in part because there is no private right of

16  action concerning matters regulated by the Food and Drug Administration under applicable

17  federal laws, regulations, and rules.

18  ### Twenty-fifth Defense

19  25.    Plaintiffs' claims are barred in whole or in part because Defendants provided adequate

20  "direction or warnings" as to the use of the subject pharmaceutical product within the meaning

21  of Comment j to Section 402A of the Restatement (Second) of Torts.

22  ### Twenty-sixth Defense

23  26.    Plaintiffs' claims are barred or limited to a product liability failure to warn claim

24  because Bextra® is a prescription pharmaceutical drug and falls within the ambit of

25  Restatement (Second) of Torts § 402A, Comment k.

26  ### Twenty-seventh Defense

27  27.    Plaintiffs' claims are barred in whole or in part because the subject pharmaceutical

28  product at issue "provides net benefits for a class of patients" within the meaning of Comment f

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    to § 6 of the Restatement (Third) of Torts: Products Liability.

2                              **Twenty-eighth Defense**

3    28.    Plaintiffs' claims are barred under § 4, et seq., of the Restatement (Third) of Torts:

4    Products Liability.

5                              **Twenty-ninth Defense**

6    29.    To the extent that Plaintiffs are seeking punitive damages, Plaintiffs have failed to plead

7    facts sufficient under the law to justify an award of punitive damages.

8                              **Thirtieth Defense**

9    30.    The imposition of punitive damages in this case would violate Defendants' rights to

10   procedural due process under the Fourteenth Amendment of the United States Constitution, the

11   Constitutions of the States of New Mexico, Arkansas, South Carolina, Louisiana, and

12   California, and would additionally violate Defendants' right to substantive due process under

13   the Fourteenth Amendment of the United States Constitution.

14                             **Thirty-first Defense**

15   31.    Plaintiffs' claims for punitive damages are barred, in whole or in part, by the Fifth and

16   Fourteenth Amendments to the United States Constitution.

17                             **Thirty-second Defense**

18   32.    The imposition of punitive damages in this case would violate the First Amendment to

19   the United States Constitution.

20                             **Thirty-third Defense**

21   33.    Plaintiffs' punitive damage claims are preempted by federal law.

22                             **Thirty-fourth Defense**

23   34.    In the event that reliance was placed upon Defendants' nonconformance to an express

24   representation, this action is barred as there was no reliance upon representations, if any, of

25   Defendants.

26                             **Thirty-fifth Defense**

27   35.    Plaintiffs failed to provide Defendants with timely notice of any alleged

28   nonconformance to any express representation.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Thirty-sixth Defense**

36.    To the extent that Plaintiffs' claims are based on a theory providing for liability without proof of causation, the claims violate Defendants' rights under the United States Constitution.

**Thirty-seventh Defense**

37.    Plaintiffs' claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to the subject pharmaceutical products were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

**Thirty-eighth Defense**

38.    To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, and the Full Faith and Credit Clause of the United States Constitution and the Constitutions of the States of New Mexico, Arkansas, South Carolina, Louisiana, and California.  Any law, statute, or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as to what conduct will result in punitive damages; (3)  permits recovery of punitive damages based on out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiffs; (4) permits recovery of punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiffs and to the amount of compensatory damages, if any; (5) permits jury consideration of net worth or other financial information relating to Defendants; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages awards; (7) lacks

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

constitutionally sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991), *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

### Thirty-ninth Defense

39.    The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of Bextra®, if any, used in this case, included adequate warnings and instructions with respect to the product's use in the package insert and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

### Fortieth Defense

40.    The claims asserted in the Complaint are barred because Bextra® was designed, tested, manufactured and labeled in accordance with the state-of-the-art industry standards existing at the time of the sale.

### Forty-first Defense

41.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Defendants and over whom Defendants had no control and for whom Defendants may not be held accountable.

### Forty-second Defense

42.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra® was not unreasonably dangerous or defective, was suitable for the purpose for which it was intended, and was distributed with adequate and sufficient warnings.

### Forty-third Defense

43.    Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, and/or estoppel.

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1

**Forty-fourth Defense**

2   44.     Plaintiffs' claims are barred because Plaintiffs' injuries, if any, were the result of the

3   pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or

4   illnesses, subsequent medical conditions or natural courses of conditions of Plaintiffs, and were

5   independent of or far removed from Defendants' conduct.

6

**Forty-fifth Defense**

7   45.     The claims asserted in the Complaint are barred, in whole or in part, because Bextra®

8   did not proximately cause injuries or damages to Plaintiffs.

9

**Forty-sixth Defense**

10  46.     The claims asserted in the Complaint are barred, in whole or in part, because Plaintiffs

11  did not incur any ascertainable loss as a result of Defendants' conduct.

12

**Forty-seventh Defense**

13  47.     The claims asserted in the Complaint are barred, in whole or in part, because the

14  manufacturing, labeling, packaging, and any advertising of the product complied with the

15  applicable codes, standards and regulations established, adopted, promulgated or approved by

16  any applicable regulatory body, including but not limited to the United States, any state, and

17  any agency thereof.

18

**Forty-eighth Defense**

19  48.     The claims must be dismissed because Plaintiffs would have taken Bextra® even if the

20  product labeling contained the information that Plaintiffs contend should have been provided.

21

**Forty-ninth Defense**

22  49.     The claims asserted in the Complaint are barred because the utility of Bextra®

23  outweighed its risks.

24

**Fiftieth Defense**

25  50.     Plaintiffs' damages, if any, are barred or limited by the payments received from

26  collateral sources.

27

**Fifty-first Defense**

28  51.     Defendants' liability, if any, can only be determined after the percentages of

-38-

1    responsibility of all persons who caused or contributed toward Plaintiffs' alleged damages, if

2    any, are determined.    Defendants seek an adjudication of the percentage of fault of the

3    claimants and each and every other person whose fault could have contributed to the alleged

4    injuries and damages, if any, of Plaintiffs.

5                                      **Fifty-second Defense**

6    52.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of abstention in that the

7    common law gives deference to discretionary actions by the United States Food and Drug

8    Administration under the Federal Food, Drug, and Cosmetic Act.

9                                      **Fifty-third Defense**

10    53.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra® is

11    comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act

12    ("FDCA"), 21 U.S.C. §§ 301 *et seq*., and regulations promulgated there under, and Plaintiffs'

13    claims conflict with the FDCA, with the regulations promulgated by FDA to implement the

14    FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations,

15    and with the specific determinations by FDA specifying the language that should be used in the

16    labeling accompanying Bextra®.    Accordingly, Plaintiffs' claims are preempted by the

17    Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the

18    United States.

19                                      **Fifty-fourth Defense**

20    54.    Plaintiffs' misrepresentation allegations are not stated with the degree of particularity

21    required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

22                                      **Fifty-fifth Defense**

23    55.    Defendants state on information and belief that the Complaint and each purported cause

24    of action contained therein is barred by the statutes of limitations contained in California Code

25    of Civil Procedure §§ 335.1 and 338 and former § 340(3), such other statutes of limitation as

26    may apply.

27                                      **Fifty-sixth Defense**

28    56.    Defendants state on information and belief that any injuries, losses, or damages suffered

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

by Plaintiffs were proximately caused, in whole or in part, by the negligence or other actionable conduct of persons or entities other than Defendants. Therefore, Plaintiffs' recovery against Defendants, if any, should be reduced pursuant to California Civil Code § 1431.2.

### Fifty-seventh Defense

57.    To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Defendants, no act or omission was oppressive, fraudulent, or malicious under California Civil Code § 3294, and, therefore, any award of punitive damages is barred. Any claim for punitive damages is also barred under California Civil Code § 3294(b).

### Fifty-eighth Defense

58.    Defendants assert all affirmative defenses applicable under the Louisiana Products Liability Act, La. Rev. State. § 9:2800.51, et seq.

### Fifty-ninth Defense

59.    Any claims for breach of warranty are barred for lack of reasonable reliance, lack of timely notice, lack of privity, and because the alleged warranties were excluded and/or disclaimed.

### Sixtieth Defense

60.    Plaintiffs' claims are barred and/or limited by the provisions of the Arkansas Products Liability Act, Ark. Code Ann. § 16-116-101, et seq.

### Sixty-first Defense

61.    Plaintiffs' claims for punitive damages are barred, in whole or in part, by the Arkansas Civil Justice Reform Act of 2003, Ark. Code Ann. § 16-55-201 et seq.

### Sixty-second Defense

62.    Plaintiffs have failed to allege conduct warranting imposition of punitive damages under New Mexico law.

### Sixty-third Defense

63.    The standards in New Mexico governing the award and review of damages for non-pecuniary damages, including damages for mental anguish and pain and suffering, are impermissibly vague or simply non-existent, and are inadequate to ensure that such awards do

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

not include amounts intended as exemplary damages, which are impermissible in a compensatory damages award.

### Sixty-fourth Defense

64.    Plaintiffs' claims for non-pecuniary damages are unconstitutionally vague and/or overbroad, and are in contravention of Defendants' rights under various provisions of the New Mexico Constitution, including but not limited to Art. II §§ 4, 13, 15, 18, and 19.

### Sixty-fifth Defense

65.    Plaintiffs' claims are barred, in whole or in part, pursuant to South Carolina Code Ann. § 15-3-20.

### Sixty-sixth Defense

66.    Defendants reserve the right to supplement their assertion of defenses as they continue with their factual investigation of Plaintiffs' claims.

### V.

### PRAYER

WHEREFORE, Defendants pray for judgment as follows:

1.    That Plaintiffs take nothing from Defendants by reason of the Complaint;

2.    That the Complaint be dismissed;

3.    That Defendants be awarded their costs for this lawsuit;

4.    That the trier of fact determine what percentage of the combined fault or other liability of all persons whose fault or other liability proximately caused Plaintiffs' alleged injuries, losses or damages is attributable to each person;

5.    That any judgment for damages against Defendants in favor of Plaintiffs be no greater than an amount which equals their proportionate share, if any, of the total fault or other liability which proximately caused Plaintiffs' injuries and damages; and

6.    That Defendants have such other and further relief as the Court deems appropriate.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   April 24, 2008                                    GORDON & REES LLP

2

3                                                      By: : _____/s/_____

4                                                          Stuart M. Gordon
                                                           sgordon@gordonrees.com
5                                                          Embarcadero Center West
                                                           275 Battery Street, 20th Floor
6                                                          San Francisco, CA 94111
                                                           Telephone:  (415) 986-5900
7                                                          Fax:  (415) 986-8054

8

    April 24, 2008                                    TUCKER ELLIS & WEST LLP
9

10

11                                                     By: : _____/s/_____

12                                                         Michael C. Zellers
                                                           michael.zellers@tuckerellis.com
13                                                         515 South Flower Street, Suite 4200
                                                           Los Angeles, CA  90071-2223
14                                                         Telephone:  (213) 430-3400
                                                           Fax:  (213) 430-3409
15
                                                           Attorneys for Defendants
16                                                         PFIZER INC., PHARMACIA
                                                           CORPORATION, AND G.D. SEARLE
17                                                         LLC

18

19

20

21

22

23

24

25

26

27

28

ANSWER TO COMPLAINT – 3: 08-cv-01224-CRB

# JURY DEMAND

Defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC, hereby demand a trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil Procedure.

April 24, 2008                                      GORDON & REES LLP


By: :_____/s/_____

Stuart M. Gordon
sgordon@gordonrees.com
Embarcadero Center West
275 Battery Street, 20th Floor
San Francisco, CA 94111
Telephone: (415) 986-5900
Fax: (415) 986-8054

April 24, 2008                                      TUCKER ELLIS & WEST LLP


By: :_____/s/_____

Michael C. Zellers
michael.zellers@tuckerellis.com
515 South Flower Street, Suite 4200
Los Angeles, CA 90071-2223
Telephone: (213) 430-3400
Fax: (213) 430-3409

Attorneys for Defendants
PFIZER INC., PHARMACIA
CORPORATION, AND G.D. SEARLE
LLC

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111